IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-94-156 |
| | | Civil Action No. RDB-16-2376 |
| CHONG CHAO CHEN, | * | |
| *Petitioner.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

Section 2255 offers relief only to "[a] prisoner in custody." 28 U.S.C. § 2255(a); *see also* 9 A.L.R.3d 462 § 3 ("Since a motion to vacate a sentence under 28 U.S.C.A. § 2255 can be maintained only to attack a sentence under which a prisoner is in custody, the case is moot insofar as a § 2255 proceeding is concerned" where the prisoner has been released from custody). "A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion." *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999). Once a prisoner is released from incarceration and is no longer being supervised, his motion no longer presents a live case or controversy and the case becomes moot. *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998).

In the instant case, when Petitioner Chong Chao Chen filed his Motion to Vacate (ECF No. 252) on June 24, 2016, he was in federal custody and thus his motion was viable at that time. Since then, however, the Petitioner has been released from custody and is no longer subject to supervision. (*See* ECF No. 256-1 at 2 n.2 (noting that Chen had completed his sentence and does not currently appear to be in the custody of the United States).) The Motion to Vacate (ECF No. 252) has therefore become moot and should be dismissed. Accordingly, it is HEREBY ORDERED this 26th day of August, 2025 that:

1

(1) Petitioner Chong Chao Chen's Motion to Vacate (ECF No. 252) is DISMISSED WITHOUT PREJUDICE;

(2) Similarly, his related motions at ECF Nos. 253 and 256 shall be DENIED AS MOOT; and

(3) The Clerk of Court is instructed to CLOSE Civil Action No. RDB-16-2376.

_/s/_
Richard D. Bennett
United States Senior District Judge
